UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

```
┌─────────────────────────────────┐
│ MICHAEL MAZUR,                  │
│                                 │
│         Petitioner,             │
│                                 │
│     -v-                         │
│                                 │
│ UNITED STATES OF AMERICA,       │
│                                 │
│         Respondent.             │
└─────────────────────────────────┘
```

24-cv-2963 (JSR) (RFT)

20-cr-0227 (JSR)

MEMORANDUM ORDER

JED S. RAKOFF, U.S.D.J.:

Before the Court is Magistrate Judge Tarnofsky's report and recommendation on Michael Mazur's April 8, 2024, petition to set aside or correct his sentence under 28 U.S.C. § 2255. For the reasons set forth below, the Court adopts the report and recommendation in full and denies the petition.

I.    Background[1]

On July 1, 2021, Mazur pleaded guilty pursuant to a plea agreement to one count of Hobbs Act robbery based on his role in an October 31, 2011, robbery that resulted in the shooting death of the victim, Joshua Rubin. See ECF No. 71, United States v. Mazur, No. 20-cr-337. As set forth in the presentence investigation report, which was adopted by the Court without objection, Mazur's co-conspirator, Gary Robles, shot and killed Rubin; however, Mazur and the third co-conspirator, Kevin Taylor, "each knew that a firearm would be used in the robbery." See

---

[1] The Court recites the relevant background only briefly. The report and recommendation sets forth the background in greater detail.

PSR ¶¶ 10-11, ECF No. 58, No. 20-cr-337. Moreover, after the shooting, Mazur and his co-conspirators agreed to dispose of Rubin's body and together bought supplies from Home Depot before returning to retrieve the corpse, transporting it to a remote location, and setting it on fire. Id. ¶ 12.

Mazur's plea agreement calculated his Guidelines sentencing range using the base offense level applicable to Hobbs Act robbery, U.S.S.G. § 2B3.1(c), along with the cross-reference for first-degree murder, U.S.S.G. § 2A1,1(a). See ECF No. 97-1 at 2, No. 20-cr-337. After a three-point reduction for acceptance of responsibility, the plea agreement provided that Mazur's applicable offense level was 40, which, accounting for his criminal history category, translated to a Guidelines range of 292 to 365 months' imprisonment. Id. at 3. However, because the statutory maximum sentence for his offense of conviction was 240 months' imprisonment, the agreement concluded that Mazur's Guidelines sentence was 240 months. Id. Mazur agreed to waive his right to challenge, by direct appeal or collateral attack, any sentence of or below 240 months' imprisonment. Id. at 4-5. The plea agreement, however, specifically preserved his right to bring an ineffective assistance of counsel claim by direct appeal, collateral review, or otherwise. Id. at 4.

On December 6, 2021, the Court sentenced Mazur to an 18-year term of imprisonment to be followed by three years of supervised release. See ECF No. 75, No. 2-cr-337.

2

On April 18, 2024 (after an unsuccessful direct appeal), Mazur filed the instant counseled petition under 28 U.S.C. § 2255, arguing that his prior counsel had provided ineffective assistance at both the plea and sentencing stages by failing to argue that the Guidelines calculation advanced by the Government -- which was adopted in the plea agreement -- erroneously incorporated the Guideline range for first-degree murder. See ECF Nos. 1, 14. The Court referred the petition to a magistrate judge for consideration.

After receiving briefing and holding oral argument, Magistrate Judge Tarnofsky issued a detailed report and recommendation on January 13, 2026, recommending that the petition be denied. See R&R, ECF No. 18. The report and recommendation also provided notice that the parties had fourteen days to file any written objections pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure. The fourteen-day period has now elapsed, and no objections have been received by the Court.

## II.  Standard of Review

If a party timely files objections to a magistrate judge's report and recommendation, any portion of such a report to which an objection has been made is reviewed by the district court de novo. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3). The district court is not, however, required to review any unobjected to factual findings or conclusions of law. See Thomas v. Arn, 474 U.S. 140, 150 (1985). To accept a report and recommendation "to which no timely objection has been made, a district court need only satisfy itself that there is no

3

clear error on the face of the record." <u>Urena v. People of State of New York</u>, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (citation omitted); <u>see also</u> Fed. R. Civ. P. 72(b); <u>Spence v. Superintendent, Great Meadow Corr. Facility</u>, 219 F.3d 162, 174 (2d Cir. 2000) (court may review a report to which no timely objection has been made to determine whether the magistrate judge committed "plain error"). Because no objections were interposed in this case, the Court reviews the report and recommendation only for clear error.

## III.   <u>Discussion</u>

Reviewing for clear error, the Court agrees with and adopts the R&R's analysis of Mazur's ineffective assistance of counsel claim. Assuming, as the R&R does, that the plea agreement did not result in a waiver of Mazur's ability to challenge his sentence based on the alleged ineffective assistance of his prior counsel, the Court finds no clear error in the conclusion that Mazur's argument fails on the merits.

The thrust of Mazur's petition is that his prior counsel's performance was constitutionally defective because his counsel failed to challenge the application of the first-degree murder cross-reference to the calculation of his Guidelines range. Specifically, Mazur argues that because he was convicted of Hobbs Act robbery and not of murder, he was not found to be directly responsible for Rubin's death. Moreover, in his view, the murder was not "relevant conduct" for the purpose of calculating his sentencing range because it was not

"within the scope" of the criminal activity he agreed to undertake. See U.S.S.G. § 1B1.3 (defining "relevant conduct").

The magistrate judge did not clearly err in rejecting this argument by concluding that Rubin's killing was within the scope of the planned robbery, in furtherance of the robbery, and reasonably foreseeable in connection with the robbery, such that it was "relevant conduct" for the purposes of Mazur's Guidelines range. See id. In reaching this conclusion, the R&R relied on Mazur's admission that he knew in advance that a firearm would be used to commit the robbery, as well as his conduct after Rubin was shot, namely, the fact that Mazur did not flee, attempt to assist Rubin or seek help, but rather accompanied his co-conspirators to buy supplies to dispose of Rubin's corpse, and then, together with his co-conspirators, transported the corpse to a remote location, where it was set on fire. See R&R at 19-20.

The R&R concluded, based on this evidence, that an "implicit agreement" that murder was within the scope of the conduct to which Mazur agreed could be "fairly inferred" from his conduct and from that of the other participants, regardless of whether Mazur actually intended that Rubin be killed. See id. (quoting United States v. Pica, 106 F.4th 197, 201 (2d Cir. 2024)); see also United States v. Barrett, 102 F.4th 60, 84 (2d Cir. 2024) ("[A]s this court has recognized, 'the first-degree murder guideline is properly applied . . . even if a defendant did not know or intend that death would result' in the course of a felony crime[.]" (quoting United States v. Salameh, 261 F.3d 271,

5

280 (2d Cir. 2001))). Although this evidence could have been weighed differently, nothing in the R&R's weighing of the evidence constitutes clear error. Accordingly, the Court will not disturb its conclusion.

Likewise, the Court sees no clear error in the R&R's further conclusion that Rubin's killing was also "in furtherance of the criminal activity" (which Mazur does not dispute), and "reasonably foreseeable" to Mazur, given his admission that he "was aware beforehand that a firearm would be used to commit the robbery." See Plea Transcript at 15:12-13, ECF No. 70, No. 20-cr-227; see also, e.g., United States v. Vasquez, 672 Fed. App'x 56, 60 (2d Cir. 2016) (concluding that "[t]he discharge of a firearm and ensuing death are reasonably foreseeable consequences" of at least certain robberies involving firearms (citing United States v. Parkes, 497 F.3d 220, 232 (2d Cir. 2007))).

Accordingly, finding no clear error in the conclusion that the first-degree murder reference was properly applied to Mazur, the Court agrees with the R&R that Mazur's counsel cannot be deemed to have been constitutionally deficient for failure to raise a non-meritorious objection. See Harrington v. United States, 689 F.3d 124, 130 (2d Cir. 2012) (defendant cannot succeed on an ineffective assistance of counsel claim if the "objection that an attorney failed to pursue lacks merit").

IV.   **Conclusion**

For the foregoing reasons, the Court hereby adopts the report and recommendation and dismisses the petition with prejudice. In addition,

because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. See 28 U.S.C. § 2253.

The Clerk of Court is respectfully directed to enter judgment and to mail a copy of this Order to the defendant.

SO ORDERED.

New York, NY
February 6, 2026

_____
JED S. RAKOFF, U.S.D.J.

7